CASE 18—PETITION ORDINARY—OCTOBER 13.

## Standard Oil Company v. Tierney.

96    89
106    48

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. EXCESSIVE VERDICT.—In determining whether or not a verdict for damages is excessive, the ability of the defendant to pay will not be considered where the question is one of compensation only and not of punishment.

2. SAME.—In an action to recover damages for personal injuries, where the verdict is evidently the result of sympathy for the injured man and from its amount evinces prejudice against the defendant, it is the duty of the court to grant a new trial.

Although the plaintiff in this case was so badly burned about the face as to disfigure him for life, suffered great pain for several months, and lost the use of his left arm, yet, as he was entitled to compensatory damages only, a verdict for twenty thousand dollars is excessive, and should be set aside on that ground, a former verdict for twenty-five thousand dollars having been set aside on the same ground.

3. EVIDENCE.—In this action to recover damages for injury resulting from an explosion caused by plaintiff going with a lighted lamp into a car loaded with naphtha, the ground of recovery being that the barrels were not labeled in such a way as to give notice of the danger to persons handling them. the defendant pleading contributory neglect, and the question being made as to the danger of going with a lighted lamp into a car loaded with oil used ordinarily for illuminating purposes, it was competent for the plaintiff to show by persons familiar with such oil that one of ordinary prudence and care for his safety would have no reason to apprehend danger and for the defendant to show the danger attending it.

4. Instructions to Jury.—It would have been better in instructing the jury as to the degree of care required of defendant in shipping naphtha to tell them that the mark or label on the barrel should have been such as to have notified "the plaintiff" of its dangerous character, than to tell them, as the court did, that the label should have been such as to notify "all persons connected with its transportation."

HUMPHREY & DAVIE for appellant. ·

1. The evidence of the plaintiff, and the entire evidence, showed that the recklessness and negligence of plaintiff Tierney, contributed to cause the accident; and, therefore, a peremptory instruction against him should have been given. (Rupard v. Chesapeake & Ohio R., 88 Ky., 280.)

2. The damages sustained by Tierney were not the reasonably to be anticipated result of any negligence of the defendant; and were too remote in their connection with any negligence of defendant to cause a legal liability upon defendant. (Seale v. Gulf R., 57 American Reports, 602.)

3. The court erred in refusing to discharge the jury and continue the case when the jury were, by ingenious and continuous newspaper publications made during the trial, given the illegitimate information that a former jury had given plaintiff a $25,000 verdict; and the untrue information that eleven of a former hung-jury wished to give plaintiff a verdict for $20,000. (Myer v. Cadwallader, 49 Federal Reporter, 32; Evans v. Town of Trenton, 112 Mo., 390; Belo v. Fuller, 84 Texas, 450; Thompson on Trials, sec. 973.)

4. The court erred in refusing to discharge the jury and continue the case when the plaintiff Tierney persisted (in the face of the opinion of this court on the former appeal) in informing the jury that he had a wife and child, by bringing them in before the jury, holding the child up to them on his lap, etc., thus creating sympathy and enhancing the verdict. (American and English Encyclopedia of Law, vol. 16, p. 588; Cupp v. Commonwealth, 87 Ky., 41.)

5. The first four of the five instructions which the court below gave to the jury were erroneous, and greatly prejudicial to defendant.

6. The several instructions asked by defendant were correct, and necessary for a fair trial; and the court erred in refusing to give any of them.

7. The court erred in allowing plaintiff to prove, by several brakemen and others (who had never had any such experience), that it "would be" the "duty" of Tierney to crawl in the window of the moving car, set his hot lamp adjacent to a leaking barrel of oil, and lift up and reverse the leaking barrel as Tierney did. (Grand Rapids R. Co. v. Ellison, 117 Indiana, 234.)

8. The court erred in allowing Tierney to prove, by brakemen and others

Standard Oil Company v. Tierney.

(who had never known of such a case), that it is a " custom " of rail-road men to crawl in windows of moving cars and reverse leaking oil barrels near burning lamps. (Portland R. Case, 55 Maine, 445; Black's Pleadings and Evidence in Accident Cases, secs. 37, 38.)

9. The court erred in allowing Tierney to have brakemen and others (none of whom had ever done such a thing) prophesy that they " would have " crawled in the window of the moving car with hot lamps, etc., as Tierney did. (Black on Pleadings and Evidence in Accident Cases, sec. 39; Muldowney v. Illinois R. 36 Iowa, 462; Central R. Co. v. DeBray, 71 Georgia, 406; Sterling v. Pearl, 80 Illinois, 251; Shear. & Red. on Neg., 4th ed., sec. 53; Wharton on Evidence, secs. 436, 509,)

10. The court erred in refusing to allow the defendant to introduce evidence contradicting the plaintiff's said evidence as to " duty," " custom," and what prudent persons " would have " done.

11. The verdict for $20,000 is so excessive as to show that it must have been " the result of either prejudice toward the offending party or an undue sympathy for the one injured." (Louisville Southern R. Co. v. Minogue, 90 Ky., 376; L. & N. R. Co. v. Long, 15 Ky. Law Reporter, 199; L. & N. R. Co, v. Foley, 15 Ky. Law Reporter, 17; L. N. & R. Co. v. Laws, 14 Ky. Law Reporter, 850; L. & N. R. Co. v. Smith, 2 Duvall, 560; L. & N. R. Co. v. Sickings, 5 Bush, 1; Street R. Co. v. Ware, 84 Ky, 267; L. & N. R. Co. v. Fox, 11 Bush, 495; Standard Oil Co. v. Tierney, 92 Ky., 380.)

12. The cases of L. & N. R. Co v. Shivell, 13 Ky. Law Reporter, 903, where a verdict of $15,000 was sustained; Ky. Central R. Co. v. Ryle, 13 Ky. Law Reporter, 862, where a verdict of $12,500 was sustained, and Ky. Central R. Co. v. Smith, 93 Ky., 499, where a $15,000 verdict was sustained, were all cases of " willful " negligence, and the verdicts were " punitive " verdicts; and they were cases of the destruction of life, or of such terrible injuries as bear no relation to Tierney's. The highest purely " compensatory " verdict that this court has sustained appears to be $8,000 in the terrible case of mutilation in L. & N. R. Co. v. Moore, 83 Kentucky, 679. The Mitchell case (87 Ky., 337), where the verdict was $10,000, was a case which " authorizes the finding of exemplary damages."

13. The fact that there has been one verdict for plaintiff set aside already on account of errors of law by the court and misconduct by the jury, does not affect the duty of this court to reverse this case again for similar errors of law and misconduct of the jury. (Doe v. Lively, 1 Dana, 62; Burton v. Brashear, 3 A. K. Mar., 276; Louisville R. Co. v. Woodson, 134 U. S., 619.)

A. E. WILLSON AND W. W. THUM FOR APPELLEE.

1. This verdict is for $5,000 less than the verdict on the former trial, and

this court should not again reverse upon the ground that the verdict is excessive.

As to verdicts held not to be excessive, see cases cited in brief on former appeal, and also the case of L. & N. R. Co. v. Shivell, 13 Ky. Law Rep., 902.

2. It is immaterial that the railroad company, and not the appellant, furnished the bill of lading with the word "oil" on it. Tierney's cause of action was not that appellant marked naphtha "oil," but that it neglected to mark it anywhere with any sufficient warning that it was dangerous.

3. Newspaper publications in the course of the trial did not furnish good ground for discharging the jury and continuing the case.

Jurors who formed an opinion from newspaper articles were held competent in Kimbi v. P. R. Co., Wr., 28 Pac., 637; Suit v. State (Texas), 17 S. W., 458; State v. Williamson (Mo.), 17 S. W., 172; Reid v. State, 22 S. W., 22; Hanghen v. C., M. & St. P. R'y, 53 N. W., 769; State v. Sheerin, 31 Pac., 543; Ashton v. State, 21 S. W., 47.

4. The plaintiff was not guilty of contributory negligence. In any event, that was a question for the jury, and its finding will not be disturbed. That defendant was not entitled to a peremptory instruction on that ground was settled on a former appeal, as there was upon the first trial a motion for a peremptory instruction, and the failure of this court to say that it was error to overrule the motion, was an approval of the action of the trial court in overruling the motion.

5. That the injury was the proximate result of the negligence of appellant was also settled by the former opinion.

6. There was nothing improper in appellee's conduct with reference to his wife and child during the progress of the trial. The instructions are a clear presentation of the law of the case.

7. The court properly excluded the suit against the Louisvill & Nashville Railroad Company upon the question of damages as it had nothing to do with the verdict of the jury. This case is unlike the Kuhn case, 86 Ky., 594.

8. The exclamations of the parties at the time of the explosion are a part of the *res gestæ.*

9. All the so-called expert testimony offered by defendant company was properly excluded, as the persons offering to testify did not qualify themselves as witnesses by showing any experience either in the railroad business or the oil business.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case is here for the second time, and the opinion reversing the judgment of the lower court is found reported in 92 Ky., 367. The main ground of reversal

was on account of the damages being excessive, and this court, without attempting to establish any fixed rule as to the amount of damages to be recovered for compensation in this character of case, and having no power to do so, said, in plain and unmistakable terms, that a verdict for twenty five thousand dollars could not be sustained, and, in discussing this branch of the case, made it equally as plain that a verdict of twenty thousand dollars would not be upheld. In cases of willful neglect, where punitive damages are allowed for the loss of life, caused by the highest degree of negligence, the verdicts in this State are for a much less sum in damages than the verdict in this case.

While corporations are the mere creatures of the law, the right to use and enjoy property in a corporate name is as sacred as that held in the name of the individual owner. This court can not sanction spoliation, although it comes in the form of a judicial mandate, and the ability to pay in a case involving the question of compensation only, will not be considered in determining whether or not the damages are excessive. It is not claimed there was any intention on the part of the appellant to injure the appellee, and the wrong consists in doing that which has caused a serious injury to the person of the appellee, when it could have been avoided by the exercise of ordinary prudence and care on the part of the appellant. It is a case where the jury, by way of compensation, is authorized to award the appellee damages for the pain and suffering caused by the neglect, his loss of time, and any permanent injury that lessened his capacity to make a living.

This is not a case for inflicting punishment on the defendant, and where the verdict is evidently the result of sympathy for the injured man, and from its amount, evincing prejudice against the corporation, it becomes the duty of this court, as it was that of the court below, to grant a new trial. During the progress of the trial a question arose on the plea of contributory neglect, relied on by the defense. The question as to the danger of going into a car loaded with oil used ordinarily for illuminating purposes, with a lighted lamp, was made, and we think it was competent for the plaintiff to show by those familiar with that substance, that one of ordinaay prudence and care for his safety, had no reason to apprehend danger, and by the defendant to show the danger, if any, attending it. We perceive no error in the instructions.

It would have been more proper, when fixing the degree of care required of the defendant in shipping naphtha, as in instruction No. 1, that a mark or label on the barrel should have been such as to have *notified the plaintiff of its dangerous character* instead of the words, "to notify *all persons connected with its transportation.*" While some of the instructions refused are perhaps unobjectionable, those given embrace in a condensed form the law of the case.

Reversed and remanded for a new trial.